Document 1

Document 2

Document 3

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

NOTICE OF JUDGMENT
November 16, 2005

TO:      Warren Eugene Gorman, Esq.
          Deborah A. Johnston, Esq.

Judgment was entered this date in Case Number(s):    04-4955

The Court's decision is enclosed.

PETITION FOR REHEARING (FRAP 40)
PETITION FOR REHEARING EN BANC (FRAP 35)

Filing Time    A petition must be received in the clerk's office within 14 days after judgment to be timely. There are three exceptions to this rule:

(1)  In all civil cases in which the United States or an agency or officer thereof is a party, any petition for rehearing must be received in the clerk's office within 45 days after entry of judgment.

(2)  The Court may grant an extension of time or leave to file a petition for rehearing out of time if the party establishes that the delay resulted from the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or other circumstances wholly beyond the control of counsel or a party proceeding without counsel.

(3)  Prisoner petitions are deemed filed when delivered to prison authorities.

If a petition for rehearing en banc is to be filed, it must be filed at the same time and in the same document as the petition for rehearing and must be clearly identified in the title.

Each case number to which the petition applies must be listed on the petition, even in companion or consolidated cases. Failure to list the individual case numbers on the petition will result in the unidentified cases proceeding to mandate even if a timely petition for rehearing has been filed in a companion or consolidated case.

A timely filed petition for rehearing or petition for rehearing en banc will stay the mandate and toll the running of time for filing a petition for writ of certiorari.

Purpose     A petition should only be made to direct the Court's attention to one or more of the following situations:

1. A material fact or law overlooked in the decision.
2. A change in the law which occurred after the case was submitted and which was overlooked by the panel.
3. The opinion is in conflict with a decision of the United States Supreme Court, this Court, or another court of appeals, and the conflict is not addressed in the opinion.
4. The proceeding involves one or more questions of exceptional

|  |  |
|---|---|
|  | importance. |
| Statement of Counsel | A petition shall contain an introduction stating that, in counsel's judgment, one or more of the situations exist as described in the above "Purpose" section.  The points to be raised shall be succinctly listed in the statement. |
| Form | The 15 page limit allowed by the Rule shall be observed.  The Court requires 4 copies of the petition (20 copies of a petition for rehearing en banc), and a copy of the Court's opinion must be attached to each copy of the petition. |

## BILL OF COSTS (FRAP 39)

| | |
|---|---|
| Filing Time | A party to whom costs are allowed, who desires taxation of costs, shall file a bill of costs on or before 11/30/05. |

## MANDATE (FRAP 41)

| | |
|---|---|
| Issuance Time | In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 calendar days after the expiration of the time for filing a petition for rehearing.  A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay the issuance.  If the petition or motion is denied, the mandate will issue 7 calendar days later. If a stay of mandate is sought, only the original of a motion need be filed. |
| Stay | A motion for stay of the issuance of the mandate shall not be granted simply upon request.  Ordinarily the motion will be denied unless it would not be frivolous or filed merely for delay and would present a substantial question or otherwise set forth good or probable cause for a stay. |

## CRIMINAL CASES (Plan in Implementation of the CJA)

| | |
|---|---|
| Criminal | In criminal cases, counsel must inform the defendant in writing of the right to file a petition for writ of certiorari from an adverse decision of this Court.  Counsel appointed under the Criminal Justice Act must file their vouchers within 60 days of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari, whichever is later. |

## PETITION FOR WRIT OF CERTIORARI  (Sup.Ct.R. 13)

| | |
|---|---|
| Filing Time | Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons.  The petition must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment. The time does not run from the issuance of the mandate.  If a petition for rehearing is timely filed, the time runs from the denial of that petition. Content, fees, and number of copies of a petition for writ of certiorari are governed by the Rules of the United States Supreme Court. |

JUDGMENT

FILED: November 16, 2005

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

No. 04-4955
CR-03-0538

UNITED STATES OF AMERICA

        Plaintiff - Appellee

v.

CARLTON BROWN

        Defendant - Appellant

---

Appeal from the United States District Court for the
District of Maryland at Greenbelt

---

In accordance with the written opinion of this Court filed this day, the Court affirms in part and dismisses in part the judgment of the District Court.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
_____
CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4955**

UNITED STATES OF AMERICA,

                          Plaintiff - Appellee,

versus

CARLTON BROWN,

                          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, District Judge. (CR-03-0538)

Submitted: October 21, 2005        Decided: November 16, 2005

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Warren E. Gorman, Chevy Chase, Maryland, for Appellant. Allen F. Loucks, United States Attorney, Deborah A. Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Carlton Brown appeals from his conviction and 262-month sentence entered pursuant to his guilty plea to conspiracy to distribute crack cocaine. On appeal, he challenges the district court's denial of his motion to withdraw his guilty plea. He also attempts to raise claims under Blakely v. Washington, 542 U.S. 296 (2005). We affirm Brown's conviction and dismiss his appeal of his sentence, as he waived the right to challenge his sentence in his plea agreement.

The district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. The central question is whether the Fed. R. Crim. P. 11 hearing was properly conducted. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

We hold that the district court did not abuse its discretion in denying Brown's motion to withdraw his guilty plea.

The record clearly reveals that Brown voluntarily chose to plead guilty and that he understood the consequences of doing so. While Brown relies on the fact that <u>Blakely</u> had not issued at the time of his plea, a post-plea change in the law regarding applicable sentences does not provide a valid basis for withdrawing from an otherwise valid plea. <u>See</u> <u>United States v. Johnson</u>, 410 F.3d 137, 152-53 (4th Cir.), <u>cert. denied</u>, 2005 WL 2494147 (U.S. Oct. 11, 2005)(No. 05-6215). Thus, we hold that the district court did not abuse its discretion in denying Brown's motion to withdraw his guilty plea.

Turning to Brown's challenges to his sentence, Brown waived the right to appeal his sentence in his plea agreement, reserving only the right to appeal from an upward or downward departure. A defendant may, in a valid plea agreement, waive the right to appeal. <u>United States v. Wiggins</u>, 905 F.2d 51, 53 (4th Cir. 1990). Whether a defendant has effectively waived the right to appeal is an issue of law we review de novo. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992). An appeal waiver is valid if the defendant knowingly and intelligently agreed to waive his right to appeal. <u>United States v. Blick</u>, 408 F.3d 162, 168-69 (4th Cir. 2005).

Our review of the record reveals that the district court conducted an adequate Rule 11 plea colloquy. The court questioned Brown regarding the appeal waiver, and he stated that he

- 3 -

understood. Brown presents no basis to suggest that the appeal waiver was not knowingly and intelligently made. Moreover, the subsequent issuance of Blakely and its progeny does not invalidate an otherwise valid waiver. Id. at 173 (upholding waiver, because Blick was sentenced under the guidelines, in accordance with his agreement and his expectations). Accordingly, Brown's attempts to challenge his sentence on appeal are foreclosed by the waiver provisions in his plea agreement.

Based on the foregoing, we affirm Brown's conviction. We dismiss his appeal from his sentence based on his waiver. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;<br>DISMISSED IN PART